UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRADY J.P., | ) |
|       Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:25-cv-04004-SLD |
| LELAND DUDEK, Acting Commissioner of Social Security,[1] | ) ) ) |
|       Defendant. | ) ) |

ORDER

On January 6, 2025, Plaintiff filed a Complaint, ECF No. 1, asserting a claim related to a "waiver of overpayment." Compl. 1. Plaintiff also sought leave to proceed *in forma pauperis* and asked that the Court recruit counsel on his behalf. *See generally* Mot. Leave Proceed *in Forma Pauperis*, ECF No. 2; First Mot. Request Counsel, ECF No. 3. The Court granted Plaintiff leave to proceed *in forma pauperis* but denied without prejudice his request that the Court recruit counsel on his behalf because he had not shown that the legal aid organizations that he contacted had declined to represent him. Jan. 7, 2025 Text Order. Plaintiff subsequently filed another motion requesting that the Court recruit counsel on his behalf, Second Mot. Request Counsel, ECF No. 4, including documentation that those organizations had declined to take on his case, *see, e.g.*, Jan. 14, 2025 Letter from Megan Sorey to Scott Parker, Second Mot. Request Counsel Ex. 1, ECF No. 4 at 3 (declining to take on Plaintiff's case).

In lieu of filing an answer, the Commissioner has filed the Certified Administrative Record ("CAR") related to Brady's claim regarding the overpayment. *See* Not. CAR Filing in

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek is substituted for his predecessor. The Clerk is directed to update the docket accordingly.

Lieu of Answer, ECF No. 6; *see generally* CAR, ECF No. 7.  The CAR and Plaintiff's filings in this case reveal serious procedural issues related to whether Plaintiff is actually seeking to vindicate his own interests or if Plaintiff's mother is the true injured party and she and Plaintiff's stepfather are hoping to vindicate their own interests in Plaintiff's name.

First, Plaintiff is referred to in the third person in all his filings and he has assertedly limited communication skills.  *See, e.g.*, Mot. Leave Proceed *in Forma Pauperis* 5 ("Brady is permanently mentally disabled.  He is extremely limited on working/earning income due to his disability from birth."); Second Mot. Request Counsel 2 ("Brady has limited speech, reading, and writing [skills.]").  Differences in handwriting suggest that Plaintiff is satisfying Federal Rule of Civil Procedure 11's requirement that filings be signed "by a party personally if the party is unrepresented," but it appears his family is preparing their contents on his behalf—in effect, Plaintiff's non-attorney family members are representing him, and a non-attorney cannot assert another non-attorney's interests on their behalf, *see, e.g.*, *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("[O]ne pro se litigant cannot represent another . . . ." (citing 28 U.S.C. § 1654)); *Thigpen v. Banas*, No. 08 C 4820, 2010 WL 520189, at *2 (N.D. Ill. Feb. 11, 2010) ("[A] *pro se* litigant can not employ the services of another non-attorney to prepare his court submissions.").  Given Plaintiff's communication skills and his family's repeated requests for counsel, this conduct is understandable, but it remains procedurally improper.  If Plaintiff is not competent, he may lack capacity to sue in his own name.  *See* Fed. R. Civ. P. 17(b)(1), (c)(1)(A).

Second, the Court's initial review of the CAR, specifically the at-issue final decision by the Commissioner, indicates that the Commissioner has waived recovery of the overpayment from Plaintiff but is still pursuing collection of the overpayment from Plaintiff's mother as

Plaintiff's representative payee. *See* CAR 18.[2] This raises a question of whether Plaintiff has standing to seek judicial review of the Commissioner's final decision, which is favorable to Plaintiff himself but only partially favorable to his mother. "Standing is a threshold requirement" and the lack of standing may be raised *sua sponte* as part of a court's duty to ensure that its subject-matter jurisdiction is secure. *See, e.g.*, *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). If Plaintiff has not suffered an injury-in-fact or a favorable decision from the Court cannot redress his injury, then this case cannot proceed and must be dismissed for lack of jurisdiction. *See, e.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). Conversely, Plaintiff's mother, as Plaintiff's representative payee, may have standing to pursue a claim against the Commissioner regarding the overpayments. *See Sortland v. Colombel-Singh*, No. 1:19-cv-644, 2020 WL 4606933, at *6 (W.D. Mich. July 14, 2020) ("If the [Administrative Law Judge ("ALJ")] had denied the waiver, he could have ordered [the plaintiff] to re-pay the overpayment made to [claimant]. Under this scenario, [the plaintiff], in his capacity as representative payee, would have standing to appeal the ALJ's decision to the federal court pursuant to 42 U.S.C. § 405[(g)]."), *report and recommendation adopted*, No. 1:19-cv-644, 2020 WL 4597099 (W.D. Mich. Aug. 11, 2020).

The parties are DIRECTED to, by March 24, 2025, each file a brief addressing whether Plaintiff has standing in this matter, and, if not, whether his mother could be substituted as the plaintiff or if she must file her own suit.

Entered this 10th day of March, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Citations to the CAR utilize the page numbers affixed to the bottom-right corner of each page.