UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DAWN P., | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 4:25-cv-04004-SLD-RLH |
| FRANK BISIGNANO, Commissioner of Social Security,[1] | ) |
|       Defendant. | ) |

ORDER

Before the Court are Defendant Frank Bisignano, Commissioner of Social Security's ("the Commissioner") motion to remand, ECF No. 19, Magistrate Judge Ronald L. Hanna's Report and Recommendation, ECF No. 21 ("R&R"), and Plaintiff Dawn P.'s objection to the R&R, ECF No. 22. For the following reasons, Dawn's objection is OVERRULED, Judge Hanna's R&R is ADOPTED, and the Commissioner's motion is GRANTED.

**BACKGROUND[2]**

Brady P. is a claimant who began receiving supplemental security income ("SSI") benefits on April 1, 2002. At the time, he was a minor in the care of his mother, Dawn P. In 2017, Brady achieved age of majority. The next year, Dawn married Scott. Since then, due to his cognitive disabilities, Brady has remained in the care of Dawn and Scott. For the period relevant to this action, Dawn was his representative payee.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano is substituted for his predecessor. The Clerk is directed to update the docket accordingly.
[2] Unless otherwise stated, the facts recited here come from the administrative record. Social Security Tr., ECF Nos. 7–7-18. Citations to the record take the form R. _.

1

On March 13, 2015, the Social Security Administration ("SSA") informed Brady and Dawn that Brady was overpaid SSI benefits in the amount of $18,350.72 from November 2012 to February 2015. The SSA denied Dawn's request for reconsideration. Dawn thereafter requested a hearing but withdrew her request on December 17, 2015, before the hearing took place. Subsequently, the SSA issued notice of overpayments of $1,389.82 from January 2017 to February 2017, $9,798.40 from July 2019 to April 2021, and $108.00 from May 2021 to June 2021. The total overpayment balance amounted to $29,646.94.

On February 12, 2022, Scott filed a request for reconsideration, asking the SSA to waive recovery of all overpayments. After the request was denied, Scott requested a hearing. On June 6, 2022, Administrative Law Judge ("ALJ") Wallis oversaw a hearing regarding the overpayment. She declined to waive recovery of the overpayments of $18,350.72 from November 2012 to February 2015, and $9,798.40 from July 2019 to April 2021, and found that Brady remained liable for repayment of those amounts. She found him not liable for repayment of the overpayments of $1,389.82 from January 2017 to February 2017, and $108.00 from May 2021 to June 2021. On review, the SSA Appeals Council ("AC") found errors in the ALJ's opinion, including double-counting resources and failing to separately consider liability for repayment from Brady, the claimant, and Dawn, the representative payee.

On April 8, 2024, ALJ Wallis oversaw a second hearing. In the decision that followed, she waived recovery of the overpayment of $18,350.72 from November 2012 to February 2015 for Brady but not for Dawn. She also waived recovery from Brady but not from Dawn of the overpayment of $6,414.30 from February 2020 through June 2020, October 2020, December 2020, and February 2021 through April 2021. ALJ Wallis waived recovery of overpayments of $1,389.82 from January 2017 to February 2017, $674.42 for November 2019, and $108.00 from

2

May 2021 to June 2021 for both Dawn and Brady. She then concluded that Brady was eligible for the payments of $2,709.68 from July 2019, October 2019, December 2019, and January 2020, so neither Brady nor Dawn was liable for repayment of that amount. All told, Dawn remained liable for repayment in the amount of $24,765.02. The AC denied the request to review the ALJ's decision. It concluded that the evidence submitted to the AC "[did] not show a reasonable probability that it would change the outcome of the decision." R. 2.

Following the AC Denial, Brady filed a complaint seeking district court review of the decision, *see* Compl., ECF No. 1, and requested that recovery of all overpayments be waived. *Id.* Subsequently, Dawn was substituted as the party in interest because she was the only party liable for the repayment. *See* June 13, 2025 Text Order. The Commissioner now moves for the Court to reverse the ALJ's decision and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. *See* Mot. Remand 2. Dawn opposes this motion as it relates to the requested remand and instead asks the Court to waive recovery of all overpayments. Resp. Mot. Remand, ECF No. 20. The matter was referred to Judge Hanna for a recommended disposition, which he entered on November 4, 2025. Dawn timely filed an objection on November 18, 2025, to Judge Hanna's recommendation that the Court grant the Commissioner's motion to remand. *See generally* Obj. R&R.

## DISCUSSION

### I. Standard of Review

When, as here, a magistrate judge reviews a matter dispositive of a party's claim, the judge will enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). A party may file "specific written objections" to the recommendations within fourteen days of its service. *Id.* 72(b)(2). A district court reviews *de novo* any portion of the magistrate judge's recommended disposition

3

that has been properly objected to. *Id.* 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Dawn appears to object only to part II of the R&R discussing whether the Court should award benefits or remand the case to the Commissioner. Obj. R&R 1. With respect to part I, discussing whether the ALJ decision was supported by substantial evidence, she states that she "agree[s] [with] many of the findings of Magistrate Judge Hanna." *Id.* The Court therefore reviews that portion of Judge Hanna's R&R for clear error while it reviews part II *de novo*.

**II.   Analysis**

**a.   The ALJ Decision**

Under the Social Security Act, an individual may obtain review in a United States district court of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). A reviewing court will uphold the factual findings of an ALJ so long as they are supported by "substantial evidence." *Id.* It will reverse the ALJ's decision if there is not substantial evidence in the record to support it. *Bauzo v. Bowen*, 803 F.2d 917, 926 (7th Cir. 1986); *see also Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) ("A decision denying benefits need not discuss every piece of evidence, but when an ALJ fails to support her conclusions adequately, remand is appropriate."). A court will also overturn the ALJ's decision if the ALJ applied the incorrect legal standard. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). When reviewing a final decision of the Commissioner on appeal, the reviewing court may enter a judgment "affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

4

In this case, the ALJ decided whether to waive recovery of the overpayment paid to Brady by the SSA. Under the Social Security Act, the Commissioner may waive recovery of overpayments made to those who were "without fault in connection with the overpayment," if one of three conditions is met: (1) "if adjustment or recovery on account of such overpayment in such case would defeat the purposes of this subchapter," (2) if recovery would be "against equity and good conscience," or (3) if it would "impede efficient or effective administration of this subchapter" because of the small amount involved. 42 U.S.C. § 1383(b)(1)(B). The ALJ concluded that Dawn was at fault for the overpayment made from November 2012 to February 2015. R. 21–22. She also concluded that although Dawn was without fault for the overpayments from February 2020 to April 2021, none of the three conditions were met. R. 29–32. The decision thus declined to waive Dawn's obligation to repay the overpayments of those periods. *Id.*

Judge Hanna identifies three portions of the decision where the ALJ drew a conclusion unsupported by substantial evidence, applied the wrong legal standard, or failed to fully develop the record. He first notes that, when deciding that the SSA's determination of overpayment of $18,350.72 from November 2012 to February 2015 was administratively final, the ALJ did not sufficiently analyze whether the SSA induced Dawn to withdraw her appeal of the SSA's determination "by fraud or similar fault." R&R 9–11 (citing 20 C.F.R. § 416.1488(c)). Second, Judge Hanna explains that the ALJ wrongly failed to (1) discuss whether the money in Dawn's bank account included tax refunds and (2) failed to consider Dawn's subjective knowledge of her reporting obligations before determining that Dawn was at fault for the November 2012 to February 2015 overpayments. R&R 11–13. Finally, he concludes that the ALJ did not adequately develop the record with respect to Dawn's current household income before

determining that recovery of the February 2020 to April 2021 overpayments would not defeat the purposes of the Social Security Act. *Id.* at 13–14.

After reviewing Judge Hanna's R&R, the record, and the applicable law, the Court finds no clear error in his determination that the ALJ's decision was not supported by substantial evidence. Accordingly, the ALJ's partially favorable decision is REVERSED.

### b. Remedy

The parties agree with Judge Hanna's conclusion that the ALJ's decision should be reversed. *See* Mot. Remand 1 ("[T]here are material issues with the facts and amounts of the overpayments, as well as with the findings of fault and liability regarding the overpayments with respect to the representative payee."); Pl.'s Brief, ECF No. 15 (taking issue with the amount of overpayment, assignment of fault, and the ALJ's decision regarding whether waiver is appropriate). They disagree about the appropriate remedy. The Commissioner asks the Court to remand the case to the SSA, *see generally* Mot. Remand, while Dawn asks the Court to go further and waive recovery of the overpayments, *see* Resp. Mot. Remand. She suggests that such a course of action would ensure that Brady can pay his living and medical expenses, guard SSA resources by resolving the claim more efficiently, and prevent the cost and inconvenience of a third hearing. *Id.*

When a reviewing court reverses an ALJ's decision, it may direct a disposition of the case, or it may remand the case for rehearing before the SSA. 42 U.S.C. § 405(g). Generally, "[w]hen an ALJ's decision is not supported by substantial evidence, . . . a remand for further proceedings is the appropriate remedy unless the evidence before the court compels an award of benefits." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005); *accord Rohan v. Barnhart*, 306 F. Supp. 2d 756, 770 (N.D. Ill. 2004). The evidence compels an award of

benefits only when "all factual issues involved . . . have been resolved and the resulting record supports only one conclusion."  *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011); *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993) (suggesting awarding or denying benefits is only appropriate if "the record can yield but one supportable conclusion").  That is, to award benefits or waive recovery, a district court must be able to "conclusively state" that the claimant is entitled to the funds they seek.  *Daniel H. v. Kijakazi*, No. 1:22-cv-01081-TAB-JRS, 2023 WL 184166, at *1 (S.D. Ind. Jan. 13, 2023).

In this case, the record does not conclusively establish that recovery of the overpayments should have been waived.  Judge Hanna's R&R, adopted by the Court as it relates to the validity of the ALJ's decision, identifies three specific ways the record is insufficient to make such a determination.  R&R 8–14.  And both parties agree that the ALJ decision is wrong, *inter alia*, because of material issues with the facts.  *See* Mot. Remand 1; Pl.'s Brief.  As a result, further development of the record would be beneficial for a judicious resolution of this case.  Factual inquiries to this end are rightly conducted by the SSA, not by the Court.

There are only two exceptions wherein a court may direct the disposition without a clear conclusion from the record.  First, a court may "directly award benefits when 'the delay involved in repeated remands has become unconscionable,'" *Gillespie v. Comm'r of Soc. Sec.*, No. 19-cv-818-JPG, 2020 WL 6216952, at *1 (S.D. Ill. 2020) (quoting *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001)).  Second, it may do so if "the agency has displayed obduracy in complying with the law as set down by the court."  *Windus v. Barnhart*, 345 F. Supp. 2d 928, 951 (E.D. Wis. 2004).  In all other cases, the proper remedy is to remand because "the weighty interest of an agency in correcting its own mistakes will generally prevail in the absence of concerns of strategic behavior or gross inefficiency."  *Peter T.R. v. O'Malley*, No. 4:19-cv-04160-SLD-JEH,

2024 WL 2797047, at *8 (C.D. Ill. May 31, 2024) (quoting *Drs. Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 681 (7th Cir. 2010)).

Neither exception applies. The exception based on the SSA's "obduracy" is inapplicable because this is Dawn's first 42 U.S.C. § 405(g) appeal. *See Mandella v. Astrue*, 820 F. Supp. 2d 911, 932 (E.D. Wis. 2011) ("Because this is Mandella's first § 405(g) appeal and because there is no indication that the SSA refused to apply the law to her claim, the [obduracy] exception is . . . inapplicable.").

With respect to Dawn's efficiency and exigency arguments, the Court is sympathetic to her interest in a speedy resolution and her need to provide for Brady. It also appreciates her concern for preserving SSA resources. However, at this stage in the proceedings, remanding the case for further consideration by the Commissioner is not "unconscionable." The present request for reconsideration was first brought in 2022. R. 17. While three years is undoubtedly a frustratingly long period to wait for a resolution, it is far from what is normally considered "unconscionable." *See, e.g.*, *Worzalla v. Barnhart*, 311 F. Supp. 2d 782, 800 (E.D. Wis. 2004) (eleven years); *Rohan*, 306 F. Supp. 2d at 771 (same); *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000) (ten years); *Smith v. Califano*, 637 F.2d 968, 972 n.1 (3d Cir. 1981) (seven years). The number of hearings conducted during that time, as well as the number of judicial appeals, are also below what is typical of circumstances found to be unconscionable. *See, e.g.*, *Worzalla*, 311 F. Supp. 2d at 800 (three administrative hearings, two remands by AC, and two remands by the court); *Rohan*, 306 F. Supp. 2d at 771 (three hearings before an ALJ, three petitions to the AC, three appeals to the court, and one appeal to the court of appeals); *Smith*, 637 F.2d at 972 n.1 (two appeals to district court). There is also no reason to believe an appeal would be fruitless, s*ee Wilder v. Apfel*, 153 F.3d 799, 802–04 (7th Cir. 1998) (directing district court to grant

benefits because the ALJ on remand failed to address the court's concerns and "left the case exactly where it was the last time"), especially as the ALJ has demonstrated an ability to address inadequacies identified on review. *See* R. 20–34 (correcting previous error by distinguishing between Dawn and Brady's obligation to repay). On the whole, it would not be "grossly unfair" to give the Commissioner an additional opportunity to cure the remaining defects. *Rohan*, 306 F. Supp. 2d at 772 (quotation marks omitted).

Because the record does not conclusively establish that recovery should be waived, and because a remand would not be unconscionable, the proper remedy is to remand the case to the Commissioner for a new determination of whether recovery should be waived.

## CONCLUSION

Accordingly, Plaintiff Dawn P.'s objection, ECF No. 22, is OVERRULED, Magistrate Judge Ronald L. Hanna's Report and Recommendation, ECF No. 21, is ADOPTED, and Defendant Frank Bisignano, Commissioner of Social Security's motion to remand, ECF No. 19, is GRANTED. The ALJ's partially favorable decision is REVERSED and REMANDED via sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment and close the case.

Entered this 16th day of January, 2026.

                                                        s/ Sara Darrow
                                                      SARA DARROW
                                        CHIEF UNITED STATES DISTRICT JUDGE